IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEVIN HALL, SR. and LAVADA HALL, <br><br>Plaintiffs, <br><br>v. <br><br>CITIMORTGAGE, INC., <br><br>Defendant. | ) ) ) ) ) ) Case No. 18 CV 4002 ) ) Judge Robert W. Gettleman ) ) ) ) |

## MEMORANDUM OPINION AND ORDER

An Illinois court entered a foreclosure judgment against Devin Hall Sr. and Levada Hall.[1] Before entering an order approving the sale, however, the court preserved their counterclaims. After losing their home, the Halls brought their counterclaims in this court, suing CitiMortgage for violating the Real Estate Settlement Procedures Act and the Illinois Consumer Fraud and Deceptive Practices Act. CitiMortgage moves to dismiss, arguing that the Halls' claims are barred by judicial estoppel and res judicata, and arguing that the Halls have not stated a claim under the Real Estate Settlement Procedures Act. For the following reasons, CitiMortgage's motion is denied.

---

[1] The facts from the Halls' complaint are presumed true for resolving CitiMortgage's motion to dismiss. Firestone Financial Corp. v. Meyer, 796 F.3d 822, 826 (7th Cir. 2015).

## BACKGROUND[2]

After the Halls fell behind on their mortgage, they received from their servicer, CitiMortgage, an offer to modify their loan. The offer letter said that they could accept by: (1) calling; (2) writing; or (3) signing, notarizing, and returning two copies of a modification agreement included with the letter. The Halls chose the first option and timely accepted the modification over the phone. A month later, to their surprise, they received a letter from CitiMortgage stating that it could not approve their request for a loan modification because they had failed to return the proper documents. Attempts to resolve the situation were fruitless, and after several months CitiMortgage filed in Illinois state court a notice of sheriff's sale.

The parties made a deal: the Halls would agree to a foreclosure judgment against them, and in exchange, CitiMortgage would not seek a deficiency judgment for their outstanding debt. The state court entered judgment accordingly. Before the court entered an order confirming the sale, however, the Halls filed a motion for leave to file counterclaims under the Real Estate Settlement Procedures Act and the Illinois Consumer Fraud and Deceptive Practices Act. They sought such an order so that they would not later be barred by res judicata. The state court denied that motion, but in doing so, ordered that:

> The claims set forth in [the Halls'] proposed counterclaims are expressly preserved, and [the Halls] shall have the right to pursue them in a separate action, and shall not be barred by res judicata based on [their] failure to bring such claims prior to entry of an order approving a foreclosure sale. CitiMortgage retains the right to argue the claims may be barred by res judicata pursuant to other orders previously entered. This Court is not deciding whether res judicata applies based on such previous orders.

---

[2] The court takes judicial notice of the filings in the foreclosure. See General Electric Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1080–81 (7th Cir. 1997) (in resolving a motion to dismiss, a district court may take judicial notice of the public record).

The house was sold, an order confirming the sale was entered, this suit followed.

## DISCUSSION

The Halls allege that CitiMortgage violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(k)(1)(E) and 12 C.F.R. 1024.41(g), and the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1. CitiMortgage moves to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that both claims are barred by judicial estoppel and res judicata, and that the Halls fail to state a claim under the Real Estate Settlement Procedures Act.

**1.      Judicial estoppel**

Judicial estoppel is an equitable doctrine that prevents a party from asserting a claim in a legal proceeding inconsistent with what it had asserted in an earlier proceeding. New Hampshire v. Maine, 532 U.S. 742, 749 (2001). The doctrine, which is a flexible one, "protects the courts from being manipulated by chameleonic litigants who seek to prevail, twice, on opposite theories." Grochocinski v. Mayer Brown, LLP, 719 F.3d 785, 795 (7th Cir. 2013) (quotation marks and citation omitted). Although judicial estoppel is not reducible to a formula, courts often look to three factors: (1) whether the party's current position is clearly inconsistent with its earlier position; (2) whether the party had successfully persuaded a court to accept that position, thus creating the impression that either the first or second court had been misled; and (3) whether the party, if not estopped, would derive an unfair advantage. New Hampshire, 532 U.S. at 750–51.

Whether judicial estoppel applies turns on what it meant for the Halls to have agreed to a foreclosure judgment. The Halls argue that the judgment simply authorized CitiMortgage to sell the house, while CitiMortgage argues that the judgment did more: it affirmed the propriety of CitiMortgage's conduct throughout the foreclosure. Although the record is sparse, the Halls

3

have the better of the argument. Neither the foreclosure judgment, nor the amended complaint on which the judgment was entered, address CitiMortgage's foreclosure-related conduct. In contrast, the order granting the foreclosure judgment stated that the Halls' counterclaims were expressly preserved.

On this record, all three judicial estoppel factors favor the Halls. The first factor is whether the Halls are now taking a position inconsistent with the position that they took in state court. The Halls never agreed that CitiMortgage's foreclosure-related conduct was proper. They have maintained that CitiMortgage's loan modification-related conduct was improper, and nothing about the state court proceedings undermines their allegations. The Halls cannot now challenge the foreclosure judgment to which they consented, but they do not seek to do so; they want money damages. The reasoning for the second factor follows that for the first—nothing in the record suggests that the Halls, by agreeing to a foreclosure judgment, tricked the state court. They did not promise to release their counterclaims in exchange for a deficiency waiver, only to now revive their counterclaims in federal court. The third factor, unfair advantage, also favors the Halls. CitiMortgage protests that the Halls, having already reaped the benefits of a deficiency waiver worth over $200,000, cannot get paid twice. But that only raises the question of what the Halls gave up for that waiver—they say that they gave up only their right to contest the foreclosure itself, while CitiMortgage argues that they also gave up any claims concerning its foreclosure-related conduct. As the court found above, the limited record supports the Halls. And CitiMortgage may still argue that the Halls' damages ought to be offset by the value of the deficiency waiver.

Judicial estoppel "protect[s] the integrity of the courts from the appearance and reality of manipulative litigation conduct." Grochocinski, 719 F.3d at 796. CitiMortgage is right to say

that the doctrine is flexible, but an all-things-considered evaluation does it no better. Nowhere is there a hint of the Halls having tried to manipulate any court.

**2.       Res judicata**

The parties agree that the state court's order confirming the sale of the property was enough to trigger res judicata. The state court, however, expressly preserved the Halls' right to bring their counterclaims: it held that, despite the Halls' failure to bring their claims before the order confirming the sale, res judicata would not later bar their claims. See Hudson v. Chicago, 889 N.E.2d 210, 216 (Ill. 2008) (noting that res judicata does not apply when "the court in the first action expressly reserved the plaintiff's right to maintain the second action"). Yet the state court also held that its preservation order extended only to the res judicata effect of the order confirming the sale, explaining that CitiMortgage could still argue that the court's earlier orders were res judicata. And that is what it does here—CitiMortgage argues that the default judgment was res judicata, so whatever the state court preserved concerning its order confirming the sale, the Halls are still barred by res judicata because there had already been a final judgment. Res judicata thus turns on whether CitiMortgage is correct when it asserts that the default judgment was a final judgment. If so, the judgment triggered res judicata, thus barring the Halls' claims in this court. If not, the state court preserved their claims before final judgment, thus allowing their claims to go forward.

A foreclosure judgment, the Halls rightly argue, is not a final judgment under Illinois law. EMC Mortgage Corp. v. Kemp, 982 N.E.2d 152, 154 (Ill. 2012) ("It is well settled that a judgment ordering the foreclosure of mortgage is not final and appealable until the trial court enters an order approving the sale and directing the distribution."). CitiMortgage points to cases, however, which imply that foreclosure judgments—though not appealable—might

nonetheless be final for res judicata purposes. See id. ("[A] judgment ordering the foreclosure of mortgage is not final and appealable . . . . [But a] judgment of foreclosure is final as to the matters it adjudicates . . . ."); In re Geneva ANHX IV LLC, 496 B.R. 888, 898 (Bankr. C.D. Ill. 2013) ("Although not immediately appealable . . . a judgment of foreclosure is a final order under Illinois law . . . [and] is also accorded res judicata effect."). Yet whether a foreclosure judgment is appealable is decisive: res judicata applies only when an order if final <u>and</u> appealable. See, e.g., City of Naperville v. Illinois Fraternal Order of Police, Lodge No. 42, 997 N.E.2d 296, 299 (Ill. App. 2013) ("Dismissals . . . without prejudice are not final and appealable orders. As such, neither res judicata nor collateral estoppel barred the City from raising again its contention . . . .") (citation omitted); Arnold Schaffner, Inc. v. Goodman, 392 N.E.2d 375, 377 (Ill. App. 1979) ("[T]he doctrines of res judicata and collateral estoppel apply only where there is a final judgment . . . . [A] trial court order becomes the law of the case only if there is a final and appealable order.") (citations omitted); People v. 1965 Chevrolet Chevy II, 240 N.E.2d 169, 171–72 (Ill. App. 1968) ("The defendants . . . argue that the instant action was barred by the prior action in which [the] defendant . . . was discharged. However, we must consider that the ruling in the prior finding . . . is nonappealable . . . . [Therefore,] [t]he court properly denied the motion to dismiss.").

Although the Geneva court believed that a foreclosure judgment has res judicata effect, it relied on an Illinois case that did not decide that proposition. 496 B.R. at 898, citing Farm Credit Bank of St. Louis v. Brown, 577 N.E.2d 906 (Ill. App. 1991). Farm Credit Bank did not distinguish a foreclosure judgment from an order confirming the sale of the property. 577 N.E.2d at 733 ("The judgment of foreclosure ordered the property to be sold . . . . The property was sold and the sheriff's report of sale was entered on June 2, 1989 . . . . The present complaint

for deficiency was filed on January 5, 1990."). Nor did it so distinguish when it discussed res judicata: "We next address the res judicata effects of the prior foreclosure action . . . . The foreclosure judgment specifically found that [the defendant] was not liable for any deficiency . . . . Accordingly, [the bank] cannot now seek a deficiency judgment against her." Id. at 739 (emphasis added). Because a "prior foreclosure action" is complete only after a court enters an order confirming the sale, Farm Credit Bank is consistent with the many other Illinois cases holding that an order, to have res judicata effect, must not only be final, but appealable as well.

CitiMortgage concedes that a foreclosure judgment is not ordinarily appealable, and does not argue that the judgment in this case was any different. That is enough to find that res judicata does not apply. CitiMortgage's reliance on Kane v. Bank of America is misplaced. No. 13 C 8053, 2018 WL 1240217 (N.D. Ill. Mar. 9, 2018). In Kane, the state court had entered a foreclosure judgment, but before it entered an order confirming the sale, the borrower paid off his mortgage, and the servicer dismissed the foreclosure. Id. at *2. The foreclosure judgment thus became res judicata, because "once a case has been voluntarily dismissed, terminating the suit in its entirety, all orders which were final in nature but which were not previously appealable—such as a foreclosure judgment—are rendered immediately final and appealable." Id. at *4. "[O]rdinarily," however, a party "may not immediately appeal a foreclosure judgment," and "to qualify as final for preclusion purposes . . . an order must be final and appealable." Id. at *3–4 (emphasis in original). Unlike the servicer in Kane, CitiMortgage does not argue that the state court's foreclosure judgment was appealable. Consequently, the foreclosure judgment was not a final order for res judicata, and res judicata does not bar the Halls' claims.

3.      **Real Estate Settlement Procedures Act claim**

To survive CitiMortgage's motion to dismiss, the Halls' complaint must give fair notice of their claims and the grounds on which they rest. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Their complaint must contain enough facts to state a claim that is "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted), citing id. at 570. Their claims are plausible if the court can "draw the reasonable inference" that CitiMortgage is liable for what they allege. Id. In reviewing the complaint, the court takes the Halls' facts as true and draws all inferences in their favor, but the court need not accept their legal conclusions. Id. The Halls need not "delineate every detail of [their] legal theory," Robertson v. Allied Solutions, LLC, 902 F.3d 690, 695 (7th Cir. 2018), or plead "facts corresponding to the elements of a legal theory." Chapman v. Yellow Cab Cooperative, 875 F.3d 846, 848 (7th Cir. 2017).

Consistent with the regulations implementing the Real Estate Settlement Procedures Act, a servicer must "sen[d] the borrower a notice . . . that the borrower is not eligible for any loss mitigation option" before it moves for a foreclosure judgment. 12 C.F.R. 1024.41(g). The servicer must also notify the borrower of the borrower's appeal rights. Id. Here, before CitiMortgage moved for a foreclosure judgment, it sent the Halls a letter saying that it could not approve their request for a loan modification. The letter did not say that the Halls were ineligible for any loss mitigation option or notify them of their appeal rights. That is enough to state a claim. CitiMortgage criticizes the Halls' reading of the regulation as "hyper-technical," "very literal," and "strained"—perhaps so, and those criticisms may well curtail a damages award. But on a motion to dismiss, their claim is plausible.

## **CONCLUSION**

CitiMortgage's motion to dismiss is denied. CitiMortgage is directed to answer the complaint on or before November 14, 2018. The parties are directed to submit a joint status report using this court's form on or before November 21, 2018. This matter is set for a report on status on November 29, 2018, at 9:00 a.m.

**ENTER:** October 17, 2018

**Robert W. Gettleman**
**United States District Judge**